**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOSEPH N. MECCA, *on behalf of himself and all others similarly situated*, | CIVIL COMPLAINT |
| Plaintiff, | CASE NO. 4:20-cv-00353 |
| v. | DEMAND FOR JURY TRIAL |
| PROCOLLECT, INC., | |
| Defendant. | |

### CLASS ACTION COMPLAINT

**NOW COMES** Joseph N. Mecca ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of ProCollect, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this putative class action on behalf of himself and numerous other individuals seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

1

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

5.   Plaintiff is a consumer and natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a debt collection company with its principal place of business located at 12170 North Abrams Road, Suite 100, Dallas, Texas 75243. Defendant regularly collects defaulted debts owed to others from consumers located within the State of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS SUPPORTING CAUSES OF ACTION

9.   Prior to the events giving rise to this cause of action, Plaintiff defaulted on payments in connection with his apartment in the Woodland Hill Village apartment complex ("subject debt").

10. Subsequently thereafter, Defendant acquired the right to collect on the defaulted subject debt.

11. In or around November 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (484) XXX-9158, in an attempt to collect on the allegedly defaulted subject debt.

12. Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 9158.

13. Immediately after the calls began, Plaintiff answered a phone call from Defendant and was greeted by a pre-recorded message stating:

> "This is a personal business alert for Joseph Mecca Jr. If you are not Joseph Mecca Jr. Please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from ProCollect, this communication is from a debt collector and any information obtained will be used for that purpose. Press 1 if you are Joseph Mecca Jr."

14. Plaintiff pressed 1 and was connected to a representative for Defendant who requested immediate payment on the subject debt.

15. Plaintiff advised Defendant that the debt was not valid and he would not pay it.Plaintiff also demanded that Defendant stop calling him.

16. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. On or around December 20, 2019, Plaintiff answered another call from Defendant and was greeted by the same pre-recorded message asking him to verify his identity.

18. Plaintiff pressed 1 and was connected to a representative for Defendant and Plaintiff once again demanded that Defendant stop calling him.

19. The representative for Defendant told Plaintiff, "You need to learn how to pay your damn bills." Plaintiff requested to speak with a manager, but the representative for Defendant refused to connect him to one and ended the call.

20. The representative for Defendant told Plaintiff she was marking him down as refusal to pay and that he would never get an apartment again. The representative further stated that if

3

payment was not made by December 27, 2019, the subject debt would be reported on Plaintiff's credit report and his credit would be ruined.

21. Plaintiff reiterated one last time that he wanted Defendant to stop calling him.

22. When Plaintiff did not answer Defendant's calls, Defendant would leave Plaintiff a pre-recorded voice mail message stating: "This is a personal business

23. Despite Plaintiff's multiple requests that Defendant cease calling him, Defendant has placed or caused to be placed numerous phone calls to Plaintiff's cellular telephone from November 2019 through the present day using pre-recorded voice technology.

24. Moreover, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

25. Defendant uses the phone number (214) 382-4871 to call Plaintiff, but upon information and belief, it may use other phone numbers to contact Plaintiff on his cellular phone.

**DAMAGES**

26. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone

subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

28. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

29. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on his own behalf and on behalf of all similar situated persons in the United States who can be defined as follows:

> All persons in the United States with United States based telephone numbers who received a telephone call to their cellular phones within the last four years by Defendant where Defendant placed the phone calls using pre-recorded voice technology *after* the called parties told Defendant to stop calling.

31. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

32. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

33. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the TCPA, particularly because these are based on a common course of conduct by Defendant.

34. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

35. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

36. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the TCPA by using an automatic telephone dialing system to call persons and using a pre-recorded message to verify the person's identity before connecting them to a live agent; (ii) whether Defendant violated the FDCPA by continuing to place phone calls to persons who disputed the validity of the debt that was the subject of said phone calls; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

40. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

42. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

45. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

### a. Violations of FDCPA § 1692c

46. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and that the debt was invalid, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

47. Furthermore, the volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

48. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on multiple occasions.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from November 2019 through the present day, using an ATDS without his prior consent.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

52. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

53. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JOSEPH N. MECCA respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as the Honorable Court deems just and proper.

## COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

54. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

55. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

56. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

57. As discussed above, based on Defendant's pre-recorded messages and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

58. Based on the pre-recorded messages Plaintiff heard during the phone calls in which Plaintiff answered, Defendant placed these aforementioned calls to Plaintiff using pre-recorded voice technology.

59. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

60. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

61. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

62. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

63. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

64. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

65. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between November 2019 and the present day, using an ATDS without his consent.

66. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

67. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

68. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JOSEPH N. MECCA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.   Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

    b.   Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

    c.   Enjoining Defendant from further contacting Plaintiff; and

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

69. Plaintiff restates and realleges paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

71. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

72. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of  TDCA § 391.302

73. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

74. Defendant violated the TDCA when it called Plaintiff repeatedly despite his multiple requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

75. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

**WHEREFORE**, Plaintiff JOSEPH N. MECCA respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 31, 2020                          Respectfully Submitted,

                                                 /s/ Omar T. Sulaiman
                                                 /s/ Alexander J. Taylor
                                                 Omar T. Sulaiman, Esq.
                                                 Alexander J. Taylor, Esq.
                                                 *Counsel for Plaintiff*
                                                 Sulaiman Law Group, Ltd
                                                 2500 S Highland Ave, Suite 200
                                                 Lombard, IL 60148
                                                 Telephone: (630) 575-8181
                                                 osulaiman@sulaimanlaw.com
                                                 ataylor@sulaimanlaw.com